**Brent T. CAMPBELL,**
**Petitioner–Appellee,**

v.

**Henry SOLANO, Acting Executive Director of the Colorado Department of Corrections, Respondent–Appellant.**

**Larry ALUMBAUGH,**
**Petitioner–Appellant,**

v.

**Frank GUNTER, Executive Director, Department of Corrections, and Lou Hesse, Superintendent, Fremont Correctional Facility, Respondents–Appellees.**

**Edward T. HAYMAKER,**
**Petitioner–Appellant,**

v.

**Frank GUNTER, Executive Director, Department of Corrections, and Lou Hesse, Superintendent, Fremont Correctional Facility, Respondents–Appellees.**

Nos. 90SA206, 90SA273 and 90SA274.

Supreme Court of Colorado,
En Banc.

March 18, 1991.

Rehearing Denied in No. 90SA206
March 25, 1991.

Philip A. Cherner, Cherner and Blackman, Denver, for petitioner-appellee.

Larry Alumbaugh, Canon City, pro se.

Edward T. Haymaker, Canon City, pro se.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Ray Slaughter, Chief Deputy Atty. Gen., Robert C. Ripple, Thomas J. Glenn, Asst. Attys. Gen., Human Resources Section, Denver, for respondent-appellant.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Ray Slaughter, Chief Deputy Atty. Gen., Cynthia D. Jones, Asst. Atty. Gen., Human Resources Section, Denver, for respondents-appellees.

PER CURIAM.

We have consolidated three habeas corpus appeals for opinion because they raise identical issues and our recent decisions in *Thiret v. Kautzky*, 792 P.2d 801 (Colo. 1990), and *Aue v. Diesslin*, 798 P.2d 436 (Colo.1990), are dispositive in all three cases. Accordingly, we reverse the judgment of the Adams County District Court in *Campbell v. Solano*, No. 90SA206, and we affirm the judgments of the Fremont County District Court in *Alumbaugh v. Gunter*, No. 90SA273, and *Haymaker v. Gunter*, No. 90SA274.

I.

Brent T. Campbell, Larry Alumbaugh and Edward T. Haymaker are inmates confined in the custody of the Colorado Department of Corrections. Each brought a habeas corpus petition contending that he was entitled to be released on mandatory parole. Each was convicted of a sex offense committed on or after July 1, 1979 but before July 1, 1985.

Campbell was sentenced to eight years imprisonment after he was convicted of two counts of sexual assault on a child in violation of section 18–3–405, 8B C.R.S. (1985 Supp.) (amended in 1986, 1989, and 1990). The offenses were committed between June 23, 1983 and May 20, 1985. Campbell became eligible for parole in November 1989 but the parole board denied his request for parole. Campbell then filed this habeas corpus action contending that parole was mandatory and he was entitled to be released from confinement. The district court heard his petition on March 8, 1990 and issued a written opinion ordering

his release. The Department of Corrections then took this appeal.

Alumbaugh pled guilty to one count of sexual assault on a child, a class 3 felony, in violation of section 18–3–405, 8B C.R.S. (1978) (amended in 1983, 1986, 1989, and 1990). The assault occurred between March and May 1982 and, on August 26, 1988, Alumbaugh was sentenced to a term of four years imprisonment. On January 9, 1990, Alumbaugh was advised by the Department of Corrections that parole in his case was discretionary not mandatory. He met with the parole board on February 5, 1990 and parole was denied. Thereafter he filed a petition for habeas corpus in the District Court for Fremont County. The court denied his petition and Alumbaugh appealed.

Haymaker was convicted of three crimes which occurred on August 5, 1983. On January 3, 1984 he was sentenced to concurrent terms of 14 years for sexual assault in the first degree, a class 2 felony, in violation of section 18–3–402, 8B C.R.S. (1984 Supp.) (amended in 1985); ten years for first-degree burglary, a class 3 felony, in violation of section 18–4–202, 8B C.R.S. (1986); and two years for menacing, a class 5 felony, in violation of section 18–3–206, 8B C.R.S. (1986). The Department of Corrections originally advised Haymaker that he had a projected mandatory parole date of October 30, 1989. However, on August 3, 1989, the Parole Board deferred his parole application until August 1990. Haymaker subsequently filed a petition for habeas corpus in the District Court for Fremont County and his petition was denied. He then appealed to this court.

## II.

▇▇▇ In *Thiret v. Kautzky*, 792 P.2d at 803–05, we discussed the recent history of the parole statutes and observed that parole generally is mandatory for inmates serving sentences for crimes committed on or after July 1, 1979 but before July 1, 1985. However, we held that an exception to the mandatory parole scheme was created by section 17–2–201(5)(a), 8A C.R.S. (1986), which, in relevant part, gives the parole board discretion to grant or deny parole "to any person sentenced for convic-

tion of a sex offense, as defined in section 16–13–202(5), [8A] C.R.S. [ (1986) ]." In the cases now before us, all three inmates were convicted of sex offenses as defined by section 16–13–202(5), which states:

"Sex offense" means sexual assault, except misdemeanor sexual assault in the third degree, as set forth in part 4 of article 3 of title 18, C.R.S.; sexual assault on a child, as defined in section 18–3–405, C.R.S.; aggravated incest, as defined in section 18–6–302, C.R.S.; and an attempt to commit any of the offenses mentioned in this subsection (5).

Campbell and Alumbaugh were convicted only of sex offenses although Haymaker was convicted of two other crimes in addition to a sex offense. Because Haymaker's sentence for first-degree sexual assault is the longest of his concurrent sentences, it is the "governing" sentence for purposes of determining his eligibility for parole. *Thiret v. Kautzky*, 792 P.2d at 807–08. Under *Thiret*, then, parole is discretionary for each of the three inmates. Although the inmates urge us to reconsider our *Thiret* decision, we decline to do so.

▇▇▇ The inmates next argue that *Thiret* should not be applied to them. We disagree. In *Aue v. Diesslin*, 798 P.2d 436, we considered whether *Thiret* could be applied to an inmate whose conviction for a sex offense occurred before the *Thiret* case was decided. We rejected Aue's arguments that application of the *Thiret* decision to him would violate *ex post facto* principles under Article I, Section 10 of the United States Constitution and Article II, Section 11 of the Colorado Constitution, or would violate his rights to due process and equal protection. The inmates here have presented no persuasive reason why *Aue* should be reconsidered and we reaffirm that decision.

Based on *Thiret* and *Aue*, we reverse the district court's order granting the petition for habeas corpus in *Campbell* and we affirm the denials of the petitions for habeas corpus in *Alumbaugh* and *Haymaker*.